# SEDGWICK
### DETERT, MORAN & ARNOLD LLP

125 Broad Street, 39th Floor
New York, New York 10004-2400
Tel: 212.422.0202  Fax: 212.422.0925

www.sdma.com

DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/9/08

January 9, 2008

**BY FACSIMILE: (212) 805-7901**
Honorable Harold Baer, Jr.
United States District Judge
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 2230
New York, New York 10007

RECEIVED
JAN 0 9 2008
HAROLD BAER
U.S. DISTRICT JUDGE
S. D. N.Y.

Re:   Nancy Green v. Bristol Myers Squibb Company & Schering Corporation
       SDNY Docket No: 07 cv 7423
       File No.: 0196-005952

Dear Judge Baer:

We represent defendants, Bristol-Myers Squibb Company ("BMS") and Schering Corporation ("Schering") in the above-referenced matter. This is a product liability case wherein plaintiff claims personal injuries as a result of the use of Tequin®, an antibiotic sold by BMS.

We are writing on behalf of all parties as a follow-up to the conference call that was held with your Honor on Monday January 7, 2008, during which the parties were directed to confer about consolidation of the remaining Tequin® matters on your Honor's docket and limiting the number of potential trials. These matters are:

1) Donnie Felton v. BMS, et al., 07 CV 4686 (Filed: June 4, 2007)
2) Billy Grantham v. BMS, 07 CV 6816 (Filed: July 30, 2007)
3) Carol Ann Bekemeyer v. BMS, 07 CV 6817 (Filed July 30, 2007)
4) Patrick Bills v. BMS, et al., 07 CV 6867 (Filed: July 31, 2007)
5) Green v. BMS, et al., 07 CV 7423 (Filed: August 21, 2007)
6) Owen v. BMS, et al., 07 CV 7424 (Filed August 21, 2007).

After conferring, the parties are proposing that the Court consolidate the matters into two groups, one for those cases in which the use of Tequin was claimed to have resulted in a "glycemic event" (*Bekemeyer and Grantham*), and one for those in which plaintiffs are

Austin • Bermuda* • Chicago • Dallas • Houston • London • Los Angeles • New York • Newark • Orange County • Paris • San Francisco • Zurich

*Affiliated office

alleging that the use of Tequin resulted in "new-onset diabetes" (*Bills, Felton, Green and Owen*).

As your Honor is aware, the parties have already resolved one glycemic event case on the Court's docket (*Alleyne v. BMS, et. al.*) at mediation. The parties believe that with production of necessary medical records and minimal discovery, they will be able to resolve the remaining glycemic event matters based on the *Alleyne* template before the proposed discovery deadline. This would leave a single group of cases to be tried, if necessary, on a consolidated basis.

In addition, as noted previously, the parties remain committed to seeking to resolve all matters, and have provisionally agreed on a global mediation in April 2008, so it may be that none of these cases will require trial.

In the event both groups of cases need to be tried, dividing the cases into "glycemic event" and "new-onset diabetes" will facilitate litigation of these matters. The two groups raise somewhat different issues relating to notice, medical evidence, and expert matters. The parties believe that consolidating all six matters into a single trial would unduly burden and potentially confuse the jury. In the interest of conserving the Court's time and in the hopes of an appropriate pre-trial resolution, the parties submit that two groups will serve as an effective structure. We suggest the glycemic event cases be consolidated under the *Grantham* docket, and the new-onset diabetes cases be consolidated under the *Green* docket.

In making this proposal, the parties seek no change to the schedule proposed to the Court on January 3, 2008 (courtesy copy attached) as follows:

- Trailing Trial Calendar: **January 2009.**
- End of discovery **June 2, 2008.**
- No additional parties may be joined after **July 31, 2008.**
- No additional causes of action or defenses may be asserted after **July 31, 2008.**
- No party may make a dispositive motion returnable after **October 15, 2008.**
- Joint Pretrial Order shall be submitted by **December 15, 2008.**

Thank you for your consideration of our joint request.

Respectfully submitted,

Matthew J. McCauley
Sedgwick, Detert, Moran & Arnold LLP

MJM/lt

cc: **By Email and First-Class Mail**
Hagens Berman Sobol Shapiro LLP
Attorneys for Plaintiff
2425 East Camelback Road, Suite 650
Phoenix, AZ 85016

*[Handwritten note from Judge:]* I think this sounds fine & would ask only two things one to do — a stipulation and proposed consolidation order or two if that's your preference — and two some changes thought about than assuming all of these cases go to trial (figure out how to have discovery... [illegible] on the PTSD roads for... [illegible] same day. As it... [illegible] seems now & I have signed it — just send me to be the way to which a letter telling me to the proposed order & exhibit a letter telling me how to avoid two trials at the same time although starting numbers I am [illegible] to the PM — I don't try & promote PM — it avoids problems then in my experience.

SO ORDERED
Harold Baer, Jr., U.S.D.J.
1/9/08

Endorsement:

    I think this sounds fine and would ask only two things one to do - a stipulated proposed consolidation order or two if that's your preface - and two some thought about how assuming these cases go to trial figuring out how to avoid what we have now - 2 trials that come on before me for trial on the same day. As the PTSO reads now and I have signed it - that seems to be the way it would work - just send me the proposed order(s) and a letter telling me how to avoid two trials at the same time although starting Monday I am trying 2 criminal cases one in the A.M. and one in the P.M. - I can do that for you if it avoids problems not my preference.